UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                            CASE NO.:  13-16746-BKC-RAM
                                                  Chapter 7
**JAIME OTALORA**
SSN: XXX-XX-2199
_____Debtor._____/

### TRUSTEE'S MOTION TO APPROVE STIPULATION FOR
### COMPROMISE AND SETTLEMENT REGARDING VALUATION AND
### <u>REPURCHASE OF DEBTOR'S NON-EXEMPT ASSETS</u>

**Any interested party who fails to file and serve a written
response to this Motion within 21 days after the date of
service stated in this Motion shall, pursuant to Local Rule
9013-1(D), be deemed to have consented to the entry of an
order in the form attached to this Motion.  Any scheduled
hearing may then be canceled.**

Joel L. Tabas, as Chapter 7 Trustee of the Bankruptcy Estate of Jaime Otalora (the

"Trustee"), pursuant to Federal Rule of Bankruptcy Procedure 9019 and Local Rule 9013-

1(D), files his Motion to Approve Stipulation for Compromise and Settlement Regarding

Valuation and Repurchase of Debtor's Non-Exempt Assets (the "Motion"), and in support

thereof, states as follows:

### I.      <u>Background</u>

1.      This case commenced with the filing of a voluntary Chapter 7 Petition on

March 26, 2013.  Joel L. Tabas is the duly appointed Chapter 7 Trustee.

2.      The Trustee has evaluated the Debtor's property valuations and claimed

exemptions and determined that the resolution agreed upon with the Debtor is in the best

interests of the Estate.  The details of the analysis and agreement are set forth in the

Stipulation for Compromise and Settlement Regarding Valuation and Repurchase of

Debtor's Non-Exempt Assets (the "Stipulation"), attached hereto as Exhibit "A."

3.      The Stipulation provides for the Repurchase of Debtor's Non-Exempt Assets (the "Settlement").

4.      Pursuant to the terms of the Stipulation, the Debtor has agreed to pay, and the Trustee has agreed to accept the Settlement Amount, as defined in the Stipulation, for the repurchase of the Debtor's non-exempt property and resolution of the other matters set forth in the Stipulation.

5.      The Stipulation contains additional terms and conditions, including, but not limited to, default provisions.

## II. <u>Legal Standard for Settlement</u>

6.      Bankruptcy Rule 9019(a) provides: "On motion . . . and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."[1]

7.      As this Court has previously found, "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988) (Cristol, J.) (citing *Rivercity v. Herpel* (*In re Jackson Brewing Co.*), 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.)*, 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), *cert. denied sub nom. Stein v. McGrath*, 306 U.S. 636 (1939)).

8.      The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 B.R. at 891 (quoting *Teltronics Servs.*, 762

---

[1]  Rule 9013-1(D) of the Local Bankruptcy Rules for the Bankruptcy Court for Southern District of Florida permits, <u>inter alia</u>, relief without a hearing for motions to approve settlement.

F.2d 189; *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), *cert. denied*, 464 U.S. 822 (1983)).

9.     According to the United States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

      (a)    the probability of success in the litigation;

      (b)    the difficulties, if any, to be encountered in the matter of collection;

      (c)    the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

      (d)    the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II. Ltd.)*, 898 F.2d 1544 (11th Cir. 1990). *See Jackson Brewing*, 624 F.2d at 602, quoted in *Arrow Air*, 85 B.R. at 891.

10.     The Trustee believes that the proposed settlement meets the standards set forth in *In re Justice Oaks II*, and therefore, recommends approval of the settlement because it is fair and reasonable, falls within the reasonable range of possible litigation outcomes, and is in the best interest of the Estate because full settlement precludes any risks associated with litigation and collection in this matter, increases the dividend available to creditors, and allows for a distribution of sums and proceeds within a reasonable time.

11.     Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit "B."

**WHEREFORE**, Joel L. Tabas, as Chapter 7 Trustee of the Bankruptcy Estate of Jaime Otalora, respectfully requests this Honorable Court enter an Order (1) granting the instant Motion; (2) approving the Stipulation; and (3) granting such other and further relief as this Court deems just and proper.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished on December 11, 2013, to the parties who are currently on the list to receive e-mail notice/service for this case, and via U.S. Mail to all interested parties on the attached service list.

Respectfully submitted,

 /s/ Joel L. Tabas

Joel L. Tabas
Florida Bar No. 516902
Tabas, Freedman & Soloff, P.A.
Attorneys for the Chapter 7 Trustee
14 Northeast First Avenue - Penthouse
Miami, Florida 33132
Telephone:  (305) 375-8171
Telefax:  (305) 381-7708
JTabas@tabasfreedman.com

(p)APPLIED BANK
PO BOX 15809
WILMINGTON DE 19850-5809

(p)CAPITAL ONE
PO BOX 30285
SALT LAKE CITY UT 84130-0285

ARS
PO Box 630806
Cincinnati, OH  45263-0806


~~Amerassist~~
~~8415 Pulsar Pl~~
~~Columbus, OH 43240-4033~~

~~Amerassist/AR Solutions~~
~~Attn: Kovacks~~
~~460 Polaris Pkwy Ste 200~~
~~Westerville, OH  43082-8213~~

American Coradius International llc
2420 Sweet Home Rd Ste 150
Amherst, NY  14228-2244


American Express
PO Box 3001
Malvern, PA  19355-0701

Amex
PO Box 297871
Fort Lauderdale, FL  33329-7871

Amex
PO Box 6618
Omaha, NE  68106-0618


Ars Account Resolution
1801 NW 66th Ave Ste 200
Plantation, FL  33313-4571

Asset Acceptance LLC
PO Box 1630
Warren, MI  48090-1630

Asset Recovery Solutions, LLC
2200 E Devon Ave Ste 200
Des Plaines, IL  60018-4501


Asset management professionals, LLC
PO Box 2824
Woodstock, GA  30188-1386

Bank of America
4161 Piedmont Pkwy
Greensboro, NC 27410-8119

Bank of America
Attention: Recovery Department
4161 Piedmont Pkwy
Greensboro, NC  27410-8110


Bank of America
PO Box 982235
El Paso, TX  79998-2235

Bmw Bank of North Amer
2735 E Parleys Way Ste
Salt Lake City, UT 84109-1666

Broward Sheriff Fire rescue
PO Box 919068
Orlando, FL 32891-0001


CCB Credit Services, Inc
PO Box 272
Springfield, IL  62705-0272

Capital 1 Bank
Attn: Bankruptcy Dept.
PO Box 30285
Salt Lake City, UT  84130-0285

Capital Management Services, LP
726 Exchange St Ste 700
Buffalo, NY  14210-1464


Carter-Young Inc
PO Box 82269
Conyers, GA  30013-9433

Cbe Group
1309 Technology Pkwy
Cedar Falls, IA  50613-6976

Chase
Bank
1 Card Serv
Elgin, IL  60124


Chase
PO Box 15298
Wilmington, DE  19850-5298

Chase
PO Box 24696
Columbus, OH  43224-0696

Chase Mht Bk
Attention: Bankruptcy
PO Box 15298
Wilmington, DE  19850-5298


~~Chase/cc~~
~~225 Chastain Meadows Ct NW~~
~~Kennesaw, GA  30144-5897~~

Citi
CitiCard   Credit   Services/Centralized
Ban
PO Box 20507
Kansas City, MO  64195-0507

Citi
PO Box 6062
Sioux Falls, SD  57117-6062

Citi
PO Box 6241
Sioux Falls, SD  57117-6241

Citi
PO Box 6497
Sioux Falls, SD  57117-6497

Citibank Sd, NA
Attn: Centralized Bankruptcy
PO Box 20363
Kansas City, MO  64195-0363

Collectron of Atlanta, Inc
PO Box 82269
Conyers, GA  30013-9433

Collectron of Atlanta/Carter-Young
Attention: Bankruptcy
PO Box 82269
Conyers, GA  30013-9433

ComEd
PO Box 6111
Carol Stream, IL  60197-6111

Comenity Bank/Pottery Barn
Attention: Bankruptcy
PO Box 182686
Columbus, OH  43218-2686

Comenity Bank/Pttrybrn
PO Box 182789
Columbus, OH  43218-2789

Complete Collection Service
1007 N Federal Hwy # 280
Fort Lauderdale, FL  33304-1422

Contract Callers Inc
1058 Claussen Rd Ste 110
Augusta, GA  30907-0301

Crd Prt Asso
Attn: Bankruptcy
PO Box 802068
Dallas, TX  75380-2068

Credit Protection Asso
13355 Noel Rd Ste 2100
Dallas, TX  75240-6837

David Harding Law Offices
100 N La Salle St Ste 1610
Chicago, IL  60602-3530

Discover Fin Svcs LLC
PO Box 15316
Wilmington, DE  19850-5316

Dsnb Bloom
PO Box 8218
Mason, OH  45040-8218

~~Dsnb Bloomingdales~~
~~Macy's Bankruptcy Dept.~~
~~6356 Corley Rd~~
~~Norcross, GA  30071-1704~~

Emhanced Recovery Company, LLC
8014 Bayberry Rd
Jacksonville, FL  32256-7412

Enhanced Recovery Corp
Attention: Client Services
8014 Bayberry Rd
Jacksonville, FL  32256-7412

Enhancrcvrco
8014 Bayberry Rd
Jacksonville, FL  32256-7412

FMA Alliance, LTD
PO Box 2409
Houston, TX  77252-2409

First Premier Bank
3820 N Louise Ave
Sioux Falls, SD  57107-0145

Gecrb/Abt TV
C/o
PO Box 965036
Orlando, FL  32896-5036

Gecrb/jcp
PO Box 965007
Orlando, FL  32896-5007

Gemb/Avb Buying Group
Attention: Bankruptcy
PO Box 103104
Roswell, GA  30076-9104

Gemb/JC Penny
Attention: Bankruptcy
PO Box 103104
Roswell, GA  30076-9104

HSBC/Menards
Attn: Bankruptcy
PO Box 5263
Carol Stream, IL  60197-5263

Harris & Harris , LTD
222 Merchandise Mart Plz Ste 1900
Chicago, IL  60654-1421

Hsbc Bank
Attn: Bankruptcy
PO Box 5213
Carol Stream, IL  60197-5213

Hsbc Bank
PO Box 30253
Salt Lake City, UT  84130-0253

Hsbc Bank
PO Box 5253
Carol Stream, IL  60197-5253

Internal Revenue Service
PO Box 7346
Philadelphia, PA  19101-7346

JPMorgan Chase Bank, N.A.
c/o Five Lakes Agency, Inc.
POB 80730
Rochester, MI 48308-0730

**Jaime Otalora**
**1650 Galiano St**
**Apt 8**
**Miami, FL 33134-4305**

Law Offices of Talan & Ktsanes
223 W Jackson Blvd
Chicago, IL 60606-6904

Leading Edge Recvery Solutions
PO Box 129
Linden, MI  48451-0129

Maite L. Diaz Esq.
P O B 820300
Pembroke Pines, FL 33082-0300

Midland Funding
8875 Aero Dr Ste 200
San Diego, CA  92123-2255

National Recovery Agency
PO Box 67015
Harrisburg, PA  17106-7015

Nationwide Credit, Inc
PO Box 26314
Lehigh Valley, PA  18002-6314

Niagara Credit Solutions, Inc
420 Lawrence Bell Dr Ste 2
Williamsville, NY  14221-8820

Northland Group INC.
PO Box 390846
Minneapolis, MN  55439-0846

Pnc Bank, N.A.
Kalamazoo, MI  49009

Pride Acquisitions
100 Garden City Plz Ste
Garden City, NY  11530-3203

RGS Financial
PO Box 852039
Richardson, TX  75085-2039

Rnb-fields3
3701 Wayzata Blvd
Minneapolis, MN  55416-3401

Rnb-fields3/Macy's
Macy's Bankruptcy Department
PO Box 8053
Mason, OH  45040-8053

Sears/Cbna
PO Box 6282
Sioux Falls, SD  57117-6282

Special Asst. U.S. Attorney
1000 S. Pine Island Road #300
Fort Lauderdale, FL 33324-3906

Target Nb
PO Box 673
Minneapolis, MN  55440-0673

U.S. Attorney General
950 Pennsylvania Ave NW
Washington, DC  20530-0009

US Bk Rms Cc
101 5th St E Ste A
Saint Paul, MN 55101-1860

United States Attorney
99 NE 4th St
Miami, FL 33132-2145

Visa Dept. Stores
Attn: Bankruptcy
PO Box 8053
Mason, OH  45040-8053

Visa Dsnb
9111 Duke Blvd
Mason, OH  45040-8999

Vital Recovery Services
PO Box 923747
Norcross, GA  30010-3747

Wash Mutual/Providian/Chase
Attn: Bankruptcy Dept
PO Box 15298
Wilmington, DE  19850-5298

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                          CASE NO.:  13-16746-BKC-RAM
                                                Chapter 7

**JAIME OTALORA**
SSN: XXX-XX-2199
_____Debtor._____/

### STIPULATION FOR COMPROMISE AND SETTLEMENT REGARDING
### VALUATION AND REPURCHASE OF DEBTOR'S NON-EXEMPT ASSETS

Joel L. Tabas, as Chapter 7 Trustee, and the Debtor, Jaime Otalora (the "Debtor"), enter into this Stipulation for Compromise and Settlement Regarding Valuation and Repurchase of Debtor's Non-Exempt Assets (the "Stipulation").  The Trustee and the Debtor agree upon the following terms and conditions:

1.     This case commenced with the filing of a voluntary Chapter 7 Petition on March 26, 2013.  Joel L. Tabas is the duly appointed Chapter 7 Trustee.

2.     The Schedules list certain property (collectively, the "Scheduled Property").  In addition, the Debtor may receive a Federal Income Tax Refund for the period through the Petition Date (the "Refund") (the Scheduled Property and the Refund shall be collectively referred to as the "Property").

3.     The Debtor has claimed a portion of the Property as exempt.

4.     Based on a review of the documents provided and other salient information, the Trustee asserts that a portion of the Property may be undervalued.

5.     The Trustee also asserts Debtor has collected certain post-petition rents from the real property located at 7011 N. Kendon Ave Lincolnwood, IL. 60712, which are property of the Estate (the "7011 N. Kendon Property").

6.     The Debtor disputes certain aspects of the Trustee's analysis.

### THE SETTLEMENT

Initials

**EXHIBIT "A"**

CASE NO.: 13-16746-BKC-RAM

7.      The Trustee and the Debtor agree to compromise the valuation and repurchase of the non-exempt interest in the Property for $8,000.00 (the "Settlement Amount").   The Trustee has already received or collected $0.00 which is to be applied to the Settlement Amount.

8.      The Trustee and the Debtor agree that the Settlement Amount provides for the repurchase of the Debtor's interest in the following:

| ASSET DESCRIPTION | PRORATION % | SETTLED VALUE OF ASSET |
|---|---|---|
| Citibank Checking Account *1319 | 1.49% | $         118.94 |
| Chase Checking #0797 | 0.00% | $              .01 |
| security deposit with landlord | 9.28% | $         742.37 |
| cash | 0.15% | $            11.88 |
| HHG (furniture and housewares) | 11.14% | $         890.85 |
| HHG (clothing) | 1.48% | $         118.78 |
| decorations and miscellaneous items | 2.23% | $         178.17 |
| watch | 0.00% | $            0.01 |
| post-petition rents on the 7011 N Kendon Property | 74.24% | $       5,939.00 |

9.      The Trustee and the Debtor agree that the Settlement Amount shall be paid in twenty-four (24) consecutive monthly installments of $353.34 each month, with the first payment to be made on or before January 5, 2014 and each subsequent payment due on the same day each month thereafter until a total amount of $8,480.16 is paid in full. This amount includes an additional fee of $20.00 per month, which represents the anticipated bank fees and administrative expenses incurred by the Estate during the pendency of the repayment term.

10.     Each payment shall be in the form of a money order or cashier's check,  made payable to "Joel L. Tabas, Trustee, for the Estate of Jaime Otalora , Case No.: 13-16746-BKC-RAM," and shall be delivered to Joel L. Tabas, Trustee, at 14 N.E. First Avenue, Penthouse, Miami, Florida 33132.


Initials

2

11.     Debtor agrees that any and all future rents or proceeds collected on the 7011 N. Kendon Property shall be directed to the Trustee as property of the Estate.

12.     In the event that Debtor receives any proceeds or other monetary compensation from a potential short-sale of the 7011 N. Kendon Property, Debtor shall direct such compensation to the Trustee as property of the Estate.

13.     With regard to the repurchase of the Debtor's non-exempt interest in the vehicle(s) included in the Property, the Debtor agrees to: (i) maintain full liability and property damage insurance on all vehicle(s) until such time as the Settlement Amount is paid in full; and (ii) name Joel L. Tabas, Trustee as loss payee and additional insured on the insurance policy for the vehicle(s) and to provide the Trustee with a Certificate of Insurance evidencing coverage, within 10 days of execution of this stipulation. The Debtor further agrees that upon the lapse of said policy, the Debtor shall immediately reinstate the insurance policy or obtain a new policy, and provide the Trustee with the reinstatement notice, or a copy of the new policy.

14.     The Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), are true and correct, (2) the Pleadings contain no material misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct and (4) the Documents contain no material misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

15.     In the event that the Debtor fails to comply with the terms of this Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the Property the Debtor has claimed as exempt for the remainder of the amount due and owing as

Initials

3

set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at the statutory rate, attorneys' fees and costs. Further, the Trustee may file a Notice of Default and submit an Order to the Court revoking the Debtor's discharge. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking discharge. However, the Debtor's discharge will not be revoked without a hearing.

16.     This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought. A waiver by a party of any breach of any provision of this stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

17.     This Stipulation may be executed in counterparts, which, when combined, shall be deemed to constitute one original and binding document. The parties further agree that facsimile signatures shall be treated in all manner and respects as original signatures.

18.     This Stipulation is subject to approval of the United States Bankruptcy Court, Southern District of Florida.

SIGNATURES ON FOLLOWING PAGE

Initials

Dated this ___10___ day of December, 2013.        Dated this ___11___ day of December, 2013.

_____              _____

Jaime Otalora                                 Joel L. Tabas, Trustee
1650 GALIANO ST                               14 N.E. First Avenue, Penthouse
APT 8                                         Miami, Florida  33132
Miami, FL 33134-4305                          Telephone: (305) 375-8171
                                              Facsimile: (305) 381-7708

Dated this ____ day of December, 2013.

_____              _____

                                              Maite L. Diaz

                                              P.O. Box 820300

                                              So. Florida, FL  33082

Initials
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                    CASE NO.:  13-16746-BKC-RAM
                                                          Chapter 7

**JAIME OTALORA**
SSN: XXX-XX-2199
_____Debtor._____/

[PROPOSED]
**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE
STIPULATION FOR COMPROMISE AND SETTLEMENT REGARDING
<u>VALUATION AND REPURCHASE OF DEBTOR'S NON-EXEMPT ASSETS</u>**

        **THIS CAUSE** having come before the Court upon Joel L. Tabas, Trustee's

Motion to Approve Stipulation for Compromise and Settlement Regarding Valuation and

Repurchase of Debtor's Non-Exempt Assets (the "Motion"), and the Court, having

reviewed the Motion and the Certificate of No Response, having noted that no

objections were filed, finding that the settlement subject of the Motion meets the criteria

set forth in *In re Justice Oaks II. Ltd.*, 898 F.2d 1544 (11th Cir. 1990) and thus, is in the

**EXHIBIT "B"**

best interests of this Estate, and finding that the notice of the proposed compromise and settlement is sufficient to comply with Bankruptcy Rules 9019 and 2002(a)(3), Local Rule 9013-1(D), and any other applicable notice requirement, it is

   **ORDERED** as follows:

   1.     The Motion is granted.

   2.     The compromise and settlement is approved on the terms and conditions set forth in the Motion and the Stipulation attached to the Motion, and as follows:

The Trustee and the Debtor agree that the Settlement Amount provides for the repurchase of the Debtor's interest in the following:

| ASSET DESCRIPTION | PRORATION % | SETTLED VALUE OF ASSET |
|---|---|---|
| *Citibank Checking Account *1319* | 1.49% | $ 118.94 |
| *Chase Checking #0797* | 0.00% | $ .01 |
| *security deposit with landlord* | 9.28% | $ 742.37 |
| *cash* | 0.15% | $ 11.88 |
| *HHG (furniture and housewares)* | 11.14% | $ 890.85 |
| *HHG (clothing)* | 1.48% | $ 118.78 |
| *decorations and miscellaneous items* | 2.23% | $ 178.17 |
| *watch* | 0.00% | $ 0.01 |
| *post-petition rents on the 7011 N Kendon Property* | 74.24% | $ 5,939.00 |

The Trustee and the Debtor agree that the Settlement Amount shall be paid in twenty-four (24) consecutive monthly installments of $353.34 each month, with the first payment to be made on or before January 5, 2014 and each subsequent payment due on the same day each month thereafter until a total amount of $8,480.16 is paid in full. This amount includes an additional fee of $20.00 per month, which represents the anticipated bank fees and administrative expenses incurred by the Estate during the pendency of the repayment term.

CASE NO.:  13-16746-BKC-RAM

3.      The Court incorporates the terms of the Stipulation into this Order and

retains jurisdiction to enforce the terms thereof.

# # #

Submitted by:
Joel L. Tabas
Tabas, Freedman & Soloff, P.A.
One Flagler Building
14 N.E. First Avenue, Penthouse
Miami, Florida  33132
Telephone: (305) 375-8171
Facsimile: (305) 381-7708
joel@tabasfreedman.com

Copy furnished to:
Joel L. Tabas
Joel L. Tabas, Esq. shall serve copies of this Order on all interested parties and file a certificate of service.